**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

VIRLACE LEE HUNT, Individually and as
Natural Grandmother and Adoptive Mother
and Next Friend of, E.M., L.M., and S.M.,
Minors,

        Plaintiffs,

v.                                                                                        No. CV-03-0585   JB/LFG

VIRGINIA K. GREEN, individually, and
MICHAEL WESTBAY, individually,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** comes before the Court on the Plaintiffs' Motion for Protective Order, filed

February 11, 2004 (Doc. 46).  The primary issue is whether the Court should preclude the depositions

of the minor Plaintiffs who have alleged been traumatized.  Because the Defendants are entitled to

depose the minor Plaintiffs who intend to testify at trial, the Court will deny the motion for protective

order precluding the depositions, but will impose certain conditions to make the children as

comfortable as possible.

**BACKGROUND**

        Plaintiff E.M. is a minor who was born on July 14, 1992 and who is presently eleven years

old.  Plaintiff L.M. is a minor who was born on May 18, 1995 and who is presently eight years old.

The Defendants did not seek to depose the youngest Plaintiff, S.M.

        The Plaintiffs represent that the events which have led up to this lawsuit have traumatized the

minor Plaintiffs, as the Complaint filed in this case indicates.  The minor Plaintiffs are presently

undergoing therapy for Post Traumatic Stress Syndrome with a psychotherapist.  They are also presently under the care of Dr. Wilhelmina Tengco, a child psychiatrist who monitors their educations.

The Defendants have deposed Dr. Tengco and other mental health professionals who have treated and examined the minor Plaintiffs.  The Defendants have deposed Solveig Maerki, a clinical mental health counselor for the minor children.  They have also deposed Danella Becklund, a mental health therapist with Raindancer Youth Services, Inc., with whom the minor Plaintiffs were placed after the Defendants removed them from Plaintiff Virlace Hunt's physical custody.  The Defendants have also had their own retained expert, Dr. Diane Thompson, a clinical psychologist, independently examine and test minor Plaintiff, E.M.

On or about January 26, 2004, the Defendants sent the Plaintiffs' counsel a Notice of Deposition for each of the minor Plaintiffs, scheduling the depositions for February 16, 2004.  See Notice of Deposition to E.M. (served January 26, 2004)(filed under seal); Notice of Deposition to L.M. (served January 26, 2004)(filed under seal).

The Plaintiffs' counsel and the Defendants' counsel have conferred, but do not agree how to proceed.  The Plaintiffs move the Court to issue a protective order prohibiting the Defendants from deposing the minor children who are co-Plaintiffs in this case.  Upon receipt of this motion, defense counsel advised the Plaintiffs' counsel that she would forego deposing the children if he agreed that the Plaintiffs would not call the children at trial and if the Plaintiffs would arrange a brief, informal meeting between defense counsel and the children.

## LEGAL ANALYSIS

Rule 26(c) of the Federal Rules of Civil Procedure states:

(c) Protective Orders.  Upon motion by a party or by the person from whom discovery is sought, . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:  (1) that the disclosure or discovery not be had; [and] (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place[.]

The Plaintiffs argue that depositions of the minor Plaintiffs in this cause would jeopardize their psychological healing, would likely make them relive traumatic events from the past, and would put them at risk of a relapse.  See Letter from Solveig Maerki at 1 (dated February 10, 2004)(filed under seal).  The Plaintiffs contend that, based on the harm which the minor Plaintiffs are likely to experience, the Court should prohibit the taking of the minor Plaintiffs depositions.

The Plaintiffs do not cite any case law in support of their motion, but attach a letter from Solveig Maerki, MS, indicating her opinion that being deposed would "jeopardize [the children's] psychological healing."  Id. at 1.  They also contend that, because the Defendants have deposed mental health professionals who have treated and examined the minor Plaintiffs, the Defendants are not without means of ascertaining any information they would obtain from the minor Plaintiffs.

The Court will assume, from the concerns expressed by mental health professionals, that the depositions of the minor Plaintiffs would be detrimental to their recovery.  The Court will also assume that the Defendants have no desire to jeopardize any healing that these two children are experiencing.  In any case, the Defendants are entitled to take the depositions of the minor Plaintiffs in this case.  The minor Plaintiffs chose to participate in this case, or their adult guardian chose to have them participate, and to seek damages for actions and omissions alleged against the Defendants.  The Court should then allow the Defendants to depose the children.

The Court will not enter an order protecting the minor Plaintiffs from having to undergo a

deposition or questioning.  The depositions will, however, be held under conditions designed to make the children as comfortable as possible.  The depositions will occur in the undersigned's chambers' conference room.  The named Defendants shall not be present.  The children's therapist may attend.  All counsel shall make every effort to minimize any trauma or stress related to being deposed.  The undersigned will be available to reschedule any depositions or, if necessary, sit through the depositions.

**IT IS ORDERED** that the Plaintiffs' motion for protective order precluding the depositions of the minor Plaintiffs is denied.  The depositions shall, however, take place under the following terms and conditions:  (i) the parties and their counsel will make every effort to make the children as comfortable as possible and to minimize any trauma or stress related to being deposed; (ii) the depositions will occur in the undersigned's chambers' conference room; (iii) the named Defendants shall not be present; (iv) the children's therapist may attend; and (v) the undersigned will be available to resolve any dispute or, if necessary, sit through the deposition.

_____

UNITED STATES DISTRICT JUDGE

Counsel:

JEFF ROMERO
Albuquerque, New Mexico

*Attorney for the Plaintiff*s

ELIZABETH L. GERMAN
BROWN & GERMAN
Albuquerque, New Mexico

 *Attorney for the Defendant*s