# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VIRLACE LEE HUNT, individually and as
Natural Grandmother and Adoptive Mother and
next friend of, E.M., L.M. and S.M.,
minors,

        Plaintiffs,

vs.                                                                                                                                                   No. CIV 03-0585 JB/LFG

VIRGINIA K. GREEN, individually, and
R. MICHAEL WESTBAY, individually,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion for Extension of Time, filed April 12, 2004 (Doc. 82). The primary issue is whether the Court should, given the scheduling order in the case and the Defendants' counsel's schedule, grant the Plaintiff, Virlace Lee Hunt, an extension of time to respond to three motions. Because the Court believes that Hunt has shown good cause for the extension, and because it believes it can accommodate the Defendants' counsel's schedule, if necessary, the Court will grant the motion for extension and give Hunt until April 26, 2004 to file responses to three outstanding motions.

## PROCEDURAL BACKGROUND

Hunt has been active in preparing responses to the following motions: (i) Defendants' Motion to Partially Exclude Expert Testimony, to which Hunt filed a response on April 8, 2004; and (ii) Defendants' Motion to Strike Supplemental Answer to Interrogatory #6, to which Hunt filed a response on April 12, 2004. The Defendants served Hunt with the motion in limine regarding an

untimely supplemental expert report on March 4 and the motion to strike the interrogatory answer on March 17. Hunt sought and received extensions of time in which to respond to both of these motions. Originally, the agreed upon extension was until April 5th, then 7th, and finally 9th. The Defendants did not receive the Plaintiffs' Response to the Motion regarding the supplemental interrogatory until April 12, 2004, although Hunt delivered an almost complete version on April 9th.

Hunt moves the Court for an extension of time to Monday, April 26, 2004, within which to respond to the following motions that the Defendants filed on or about March 26, 2004: (i) Motion for Summary Judgment; (ii) Motion in Limine to Exclude Testimony not Based on Personal Knowledge; and (iii) Motion in Limine to Exclude Opinion and Legal Testimony Regarding the Existence of Emergency Conditions. The Defendants filed these three motions on March 26, 2004, in compliance with the Court's Scheduling Order.

Hunt's responses to these three motions are due on Thursday, April 15, 2004. Hunt represents that she has been unable to prepare timely responses to these three motions. The Court has set the hearing on all five motions for May 18, 2004, a date to which Hunt agreed after the Defendants indicated a conflict with May 24, 2004, the date on which the Court originally scheduled the hearing. The Court has scheduled a trial in this matter for July 6, 2004.

Hunt represents that, to adequately respond to the three motions that the Defendants filed and for which she seeks an extension, especially the Motion for Summary Judgment, Hunt will need to extensively review many depositions which the parties have taken in this case as well as review thousands of pages of documents which the parties have produced. The motions will also require extensive legal research. Based on the amount of time it will take to accomplish these tasks, Hunt reasonably believes that she will need an extension of time to April 26, 2004 to prepare the responses

to these three motions.

Hunt's counsel has contacted the Defendants' counsel, who objects to the Court granting this motion. Defense counsel does not believe that she is at liberty to grant an extension of time with respect to the briefing on the Motion for Summary Judgment, as the Court set the filing deadline. Although the Court did not specifically set the response date, defense counsel presumes that the filing deadline set by the Court implies a typical briefing schedule. Also, defense counsel is scheduled to appear at an HRD hearing on the merits on May 5-6, 2004 in Los Alamos. See Michelle Eden v. Los Alamos Schools, HRD #03-04-21-0220. Counsel will travel to Los Alamos on May 4, 2004 and had planned to spend significant amounts of time the previous week meeting with witnesses and otherwise preparing for this hearing.

If Hunt files the responses in accordance with the current briefing schedule, defense counsel will receive them and have adequate time to prepare reply briefs without taking away from the time necessary to prepare for and present the Eden case. In contrast, if the Court is grants Hunt the extension, defense counsel will face juggling the HRD hearing preparation and preparing the reply briefs at the same time. Pursuant to the HRD rules, neither party has identified witnesses and will not do so until five days before the hearing; thus, counsel cannot reverse this sequence of events. In the alternative, the Defendants request that, if the Court grants Hunt an extension of time in which to respond to the pending motions, that the Court set the deadline for Hunt's Response to the Motion for Summary Judgment be set as no later than April 19, 2004.

## **LEGAL ANALYSIS**

Rule 6(b) of the Federal Rules of Civil Procedure states:

> (b) Enlargement. When by these rules or by a notice given thereunder or by

order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration or period originally prescribed or as extended by previous order[.]

While Hunt does not cite scheduling conflicts or other specific reasons for the requested extensions, Hunt has shown why she needs additional time within which to adequately respond to the three motions. The case is active. The motions go to the heart of her case. She needs time to respond properly and fully. Not granting any extension or granting only a four day extension could prejudice her case, particularly on the dispositive motion.

The Court does not believe that an extension of time would cause unnecessary delay in this case's proceedings. Once Hunt serves her responses, the Defendants will have two weeks to file replies. The Court will have sufficient time in which to review the briefs before the hearing.

Allowing Hunt an extension until April 26, 2004 would mean that the Defendants would not file their replies until May 10, 2004. The Court has a two-week trial beginning April 19th. The Court will be out of town from May 4th through May 8th. The Court begins its May docket on May 10th, and currently has 14 trials slated to begin that day. Hence, the Court will not be able to turn to the briefing until close to May 18th in any case. Filings on May 10th will provide the Court with adequate time to review the briefs before the May 18th hearing.

Defense counsel is concerned that, if the Court grants the extension, Hunt will not file her responses on the extended date. Hunt will need to have her responses to the Defendants and to the Court on April 26th. Hunt should make every possible effort to avoid asking the Court or Defendants' counsel for another extension on these three motions.

The Court is sensitive to the schedule for the Defendants' counsel. If she needs additional

time to file her replies, the Court would be inclined to grant them. Realistically, the Court might not review the briefing in this matter until Friday, May 14th or even Monday, May 17th. Also, if the Court needs to reschedule the hearing by a few days, that is possible, too. Defense counsel should call the Court's Courtroom Deputy, Ms. K'Aun Sanchez, if the parties cannot reach an agreement on extensions for the replies and on a date for the hearing, and the Court will resolve any dispute.

**IT IS ORDERED** that the Plaintiff's Motion for Extension of Time is granted and she shall have an extension of time until Monday, April 26, 2004, within which to respond to the Motion for Summary Judgment and Motions in Limine that the Defendants have filed in this case.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Jeff Romero
Albuquerque, New Mexico

> *Attorney for the Plaintiff*

Elizabeth L. German
Albuquerque, New Mexico

> *Attorney for the Defendants*